IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-053 |
| ) | |
| WARDEN PHILBIN; NURSE JENKINS; ) | |
| NURSE GINA DEVORE; LT. SIMS; ) | |
| SGT. RIDLEY; and NURSE REDD, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.    SCREENING THE AMENDED COMPLAINT

#### A.    BACKGROUND

Plaintiff names the following Defendants: (1) Warden Philbin, ASMP; (2) Nurse Jenkins, ASMP; (3) Nurse Gina Devore, ASMP Nurse Supervisor; (4) Nurse Mrs. Redd, ASMP; (5) Lt. Sims, ASMP; and (6) Sgt. Redd, ASMP. (Doc. no. 10, pp. 1-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 11, 2019, Plaintiff "stuck an 18 ½ [inch] wire into [his] neck-throat-chest-heart-lungs 7 ½ into [his] lungs," and Defendants Redd and Jenkins refused to give him the medical treatment he needed. (Id. at 6.) When Plaintiff complained to these two nurses about chest pain that was causing him breathing difficulty, they ignored his complaints for approximately four hours. (Id.) Plaintiff "made it to the hospital just in time" to go straight into surgery. (Id.)

Prior to filing a grievance about the incident, Plaintiff "went straight to" Defendants Philbin and Devore, as well as Deputy Warden Tamika Harris and Mental Health Director Donna Young, and they all told him they would look into what happened on September 11, 2019. (Id. at 9.) However, he never heard anything back from these four supervisors, and Defendant Philbin denied Plaintiff's grievance. (Id. at 8.) Plaintiff seeks monetary damages and a direction to Defendants "to do . . . their JOBS." (Id. at 6.)

B.   **DISCUSSION**

1.   **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Sims and Ridley

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to

3

state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury. Here, Plaintiff lists Lt. Sims and Sgt. Ridley as Defendants in the caption of the amended complaint and the portion of the form reserved for identifying Defendants, (doc. no. 10, pp. 1, 4), but he does not mention them anywhere in his statement of claim. Moreover, in a letter written to the Clerk of Court, Plaintiff states he wants to "drop" these two Defendants because they "didn't have anything to do with my claim." (Doc. no. 11.) As Plaintiff does not connect Defendants Sims and Ridley to an alleged constitutional violation, they should be dismissed.

### 3. Plaintiff Fails to State a Claim Against Defendants Philbin and Devore

Plaintiff fails to state a claim for relief against Defendants Philbin and Devore, ASMP Warden and Supervising Nurse, respectively. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates

could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendants Philbin and Devore liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff appears to name these two individuals as Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at ASMP.  Likewise, although not properly named as Defendants, Plaintiff also appears to attempt to hold Deputy Warden Tamika Harvey and Mental Health Director Donna Young liable by virtue of their supervisory positions.[1]  Indeed, Plaintiff complains all of these supervisors were informed of Plaintiff's allegations after he returned from the hospital, but they "still refuse to do anything or their JOBS." (Doc. no. 10, p. 6; see also p. 9 (alleging Philbin, Harvey, Young, and Devore have not acted on Plaintiff's complaints about Defendants Jenkins and Redd).)

---

[1] As explained in a simultaneously entered order, Plaintiff improperly attempted "to add" Deputy Warden Harvey and Mental Health Director Young by submitting a letter to the Clerk of Court.  They are not listed as Defendants in the caption of the amended complaint or the portion of the complaint form reserved for identifying defendants.  (See doc. no. 10, pp. 1-4.) In any event, Plaintiff fails to state a claim for relief against them.

Nowhere does Plaintiff allege Defendants Philbin or Devore were present for, or participated in, Plaintiff's medical treatment.[2] Nor does he allege either Defendant was responsible for examining Plaintiff or making any determination about the timing or type of treatment for Plaintiff. As to Warden Philbin, courts have recognized that supervisory prison officials who are not medical professionals are entitled to rely on the decisions of trained medical practitioners regarding care provided to inmates. See Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897-98 (11th Cir. 2006) (*per curiam*); Rutledge v. Lift, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Nor can Plaintiff establish these supervisory Defendants or other individuals were directly involved with his medical care by alleging they ruled on a grievance or otherwise received after-the-fact notification of an alleged problem from Plaintiff. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2

---

[2]Likewise, Plaintiff does not allege Deputy Warden Harvey or Director Young were present during the events of September 11, 2019. (See doc. no. 10, pp. 6, 9.) Nor does he allege either of these individuals were responsible for examining Plaintiff or making any determination about the timing or type of treatment for Plaintiff. (Id.)

(S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Nor has Plaintiff alleged the requisite causal connection between Defendants Philbin and Devore and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer]

7

directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread abuse regarding improper medical treatment at ASMP, (2) an improper custom or policy put in place by either Defendant regarding medical treatment, or (3) an inference either of these supervisory Defendants directed prison employees to act, or knew they would act, unlawfully. At best, Plaintiff has alleged he used the grievance procedure or somehow notified the supervisors of a problem after he returned from the hospital, and his grievance and complaints were either denied or not investigated to his satisfaction. As a prison grievance procedure does not provide a constitutionally protected interest, Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011), and as explained above, supervisory liability cannot be imposed based on ruling on a grievance, Warden Philbin cannot be held liable based on the manner in which he addressed Plaintiff's grievance, and Defendant Devore, as well as Deputy Warden Harvey and Director Young, cannot be held liable because they did not conduct an after-the-fact investigation to Plaintiff's satisfaction. Plaintiff says nothing about any supervisor knowing Plaintiff had a life-threatening injury that went untreated for hours.

In sum, Plaintiff has not shown Defendants Philbin or Devore actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against them, and Defendants Philbin and Devore should be dismissed from this case. Likewise, even if Plaintiff had properly named Deputy Warden Harvey and Director

Young as Defendants, which he has not, he fails to state a claim upon which relief can be granted against them.

### 4. Official Capacity Monetary Damages

Finally, to the extent Plaintiff is suing any Defendant in their official capacities, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims against any Defendant for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Philbin, Devore, Sims, and Ridley, along with all official capacity claims for money damages against any Defendant, be **DISMISSED** from this case. By separate Order, the Court directs service of process on Defendants Jenkins and Redd based on Plaintiff's medical deliberate indifference allegations.

SO REPORTED and RECOMMENDED this 9th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA