IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 121-053 |
| | ) |
| WARDEN PHILBIN; NURSE JENKINS; | ) |
| NURSE GINA DEVORE; LT. SIMS; | ) |
| SGT. RIDLEY; and NURSE REDD, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 18, 19.) The first set of objections describes alleged harassment Plaintiff contends began in 2021, (doc. no. 18), claims the Magistrate Judge previously explained are not logically related to medical deliberate indifference claims from 2019 forming the basis for the instant case, (see doc. no. 13, pp. 8-10). These objections were filed in conjunction with a motion requesting the Court issue a restraining order and bring charges against prison officials allegedly involved in the harassment. (Doc. no. 17.)

After these two filings, Plaintiff submitted another document to the Clerk of Court, filed as an objection. (Doc. no. 19.) Within that second filing, Plaintiff agrees with the Magistrate Judge's recommendation for dismissal of four Defendants and any claims or

individuals that were not connected to the 2019 claims of deliberate indifference. (Id. at 1.) However, Plaintiff also requests the Court order his transfer to another prison. (Id. at 2-3.)

To the extent Plaintiff filed motions requesting criminal charges be brought against prison officials, a direction to those officials to cease harassing him, or an order to transfer Plaintiff to another prison, those requests are **DENIED**.[1] (Doc. no. 17; doc. no. 19, pp. 2-3.) The law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, as a general rule, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Likewise, as a private citizen, Plaintiff may not force prosecutors to bring criminal charges against another individual. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

To the extent Plaintiff also requests that prison officials be ordered not to retaliate against him in the form of harassment, it is clearly established that retaliating against an inmate for

---

[1] As the Magistrate Judge explained in denying Plaintiff's prior request for an investigator, if Plaintiff wants to pursue claims unrelated to the 2019 deliberate indifference claims forming the basis for this lawsuit, he must file a separate case and agree to be responsible for a second filing fee. (See doc. no. 13, pp. 9-10.)

2

filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009) (*per curiam*); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (*per curiam*). Thus, the request for an order prohibiting any staff member at Augusta State Medical Prison, or at any prison, from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** from this case Defendants Philbin, Devore, Sims, and Ridley, along with all official capacity claims for money damages against any Defendant. The case shall proceed against Defendants Jenkins and Redd as described in the Magistrate Judge's June 9, 2021 Order. (See doc. no. 13.)

SO ORDERED this 12th day of July, 2021, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA