IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 121-053 |
| | ) |
| NURSE JENKINS and NURSE REDD, | ) |
| | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison ("ASMP"), and because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on court officials to effect service. See 28 U.S.C. § 1915(d). On June 9, 2021, the Court directed the United States Marshal to effect service of process on Defendants. (Doc. no. 13.) In accordance with the Court's Order directing service, the Marshal mailed a copy of the amended complaint and the June 9th Order by certified mail to Defendants, requesting they waive formal service of summons. (See doc. nos. 13-1, 13-2.)

On June 29, 2021, an individual at ASMP, other than either Defendant, signed for the certified mail containing the amended complaint and waiver of service forms. (Doc. no. 20.) When neither Defendant returned the signed waiver of service form or filed an answer, the Court directed the United States Marshal to contact the Georgia Attorney General's Office in an effort to determine if the individual at the prison who signed for the complaint and service documents at ASMP provided the information to Defendants and if the Attorney General's Office intended to represent Defendants. (See doc. no. 25.) Defendant Jenkins filed a waiver, and the answer is due November 9, 2021. (See doc. nos. 28, 30.)

On September 10, 2021, the Court entered an order explaining service had not been accomplished on the remaining Defendant and reminding Plaintiff of his responsibility to provide timely and accurate identifying information so that service could be accomplished by the United States Marshal. (See doc. no. 30.) Furthermore, the Court again cautioned Plaintiff that a defendant not timely served may be dismissed. (Id. at 2 (citing doc. no. 13, p. 3).) However, recognizing Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause, the Court directed Plaintiff to provide valid identifying information for Defendant Redd within fourteen days and warned failure to do so would result in her dismissal without prejudice for failure to effect service. (Id. at 2.)

Plaintiff failed to respond to the Court's show cause order. Thus, he has not shown good cause for failing to identify and timely effect service on Defendant Redd, and the Court finds that no other circumstances warrant an extension of the service period. Additionally, because Defendant Jenkins has made an appearance in this case, dismissal of the unserved Defendant will not completely deprive Plaintiff of the opportunity to litigate claims arising out of the events underlying this lawsuit.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Redd, and all of Plaintiff's claims against her, be **DISMISSED** without prejudice for failure to timely effect service. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 4th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA